**Fannie Lu Pantle, Appellee, v. Karl R. Pantle, Appellant.**

**Gen. No. 47,386.**

First District, First Division.
November 3, 1958.
Released for publication November 25, 1958.

* See Callaghan's Illinois Digest, same topic and section number.

354

Stanley A. Durka, of Chicago, for defendant-appellant.

Rinella and Rinella, of Chicago (Owen L. Doss, of counsel) for plaintiff-appellee.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal from a decree for divorce entered in the Superior Court of Cook County in a suit brought by Fannie Lu Pantle, hereafter referred to as the plaintiff, against Karl R. Pantle, hereafter referred to as the defendant. The case was tried before the court without a jury.

The defendant contends that the court did not have jurisdiction of the case; that the decree is against the manifest weight of the evidence; and that the defendant did not have a full and complete hearing.

From the record before us the following facts appear. On October 15, 1956 the plaintiff filed a praecipe in a suit for separate maintenance and on the same day filed a motion for leave to file a complaint instanter and to waive the 60-day waiting period. The court entered an order waiving the waiting period and the complaint for separate maintenance was then filed. Subsequently a motion filed by the plaintiff for temporary alimony, support money, attorney's fees, and for possession of the premises occupied by the parties, was set for hearing on November 19, 1956. On that date counsel for the plaintiff appeared and stated that the plaintiff could not come into court because the defendant the previous day had beaten her badly. Counsel then asked that the hearing be continued and that leave be given plaintiff to file an amended complaint for divorce. Over the objection of the defendant the court entered an order permitting the filing of an amended complaint for divorce, which was subsequently filed. A great many motions were made by both sides with reference to the temporary relief sought. The defendant filed an appearance, jury demand and answer to the amended bill for divorce. The case was finally ordered to be set for hearing on May 15, 1957. On May 10th the defendant filed a petition asking for "summary judgment." No order was entered upon this petition. On May 15, 1957 the case was assigned for trial as a contested divorce case before a jury. A jury was selected and impaneled, and during the noon recess on May 16, 1957, after a conference in chambers, an agreement was reached between the parties as to custody of a minor child, support money, alimony and property rights. The defendant disputes

such agreement. When the court reconvened at two o'clock on that day both parties answered ready for trial and on motion of counsel for the defendant a juror was withdrawn, the jury was waived, and the cause submitted to the court for trial.

The plaintiff and two witnesses testified. Counsel for the defendant was present and cross-examined one of the witnesses. At the conclusion of the examination of the plaintiff and each of the witnesses, counsel for the defendant was asked if he had any further questions to ask and he stated he did not. Notices were served by the plaintiff on the attorney for the defendant indicating that on June 4th a decree of divorce would be presented to the court and that a further motion would be made to ask the reporter to complete her transcript indicating that the court at the conclusion of the hearing had stated that there would be a decree of divorce for the plaintiff. At the hearing on the same date before the trial judge the defendant submitted a motion and petition, supported by an affidavit of defendant, asking the court for a continuance or in the alternative for a reopening of proofs, an opportunity to cross-examine witnesses and to present additional evidence. He also objected to the terms of the property agreement, stating that it had been agreed that a divorce, if the court saw fit to grant it, would not be based on the grounds of cruelty; that the plaintiff had agreed that she would not make statements concerning the defendant, which agreement she violated; that he denies that he had committed "extreme and repeated cruelty" at the "times testified by the plaintiff and her witnesses" and that he could prove that "the acts of cruelty evidenced would be disproved as such an extreme act of cruelty as to be the basis for proof of plaintiff's cause of action." The court overruled the motion, denied the petition and entered a decree of divorce in favor of the plaintiff against the

357

defendant. The decree signed by the judge in part stated that after the defendant's attorney had withdrawn a juror and a mistrial had been declared it was stipulated that "the said cause be heard by the court as in matters of default." This was subsequently corrected by the court to read that it "be heard by the court without a jury." The decree also stated that the defendant had been guilty of enumerated acts of extreme and repeated cruelty on the 10th day of August, 1954 and on the 18th day of November, 1956, as set out in the amended complaint for divorce; that the parties had ceased marital relations on June 27, 1956 though they continued to occupy separate portions of the same premises until November 18, 1956; that the parties had entered into an oral agreement disposing of certain property rights, which agreement was set out in the transcript of proceedings filed herein. The decree awarded the custody and control of the minor child of the parties to the plaintiff, with an allowance of support money, and gave to the defendant rights of visitation. The property agreement as set out was that the defendant should pay to plaintiff the sum of $4,500 in cash within 60 days as and for a lump sum settlement of property rights, dower, homestead, inheritance and succession, and past, present or future alimony; that the defendant shall pay attorney's fees to the attorneys for the plaintiff within 60 days; that the defendant shall convey to the plaintiff all his right, title and interest to the household furniture and fixtures, with certain exceptions; that the plaintiff shall sign a quitclaim deed to certain legally described real estate and that she be relieved from any liability for a mortgage thereon; that the sums of money allotted to the plaintiff shall constitute a lien on the interest of the defendant in and to the said real estate and that if he should fail to pay the sums allotted within 60 days the court retains jurisdiction in order to enter a decree for the

sale of the real estate upon the application of any interested party; that both parties release all claims to the property of the other.

The defendant filed a petition for judgment in his favor or in the alternative for a new trial, which the plaintiff answered. On July 1, 1957, after hearing, the trial court denied the petition, but entered an order vacating the decree "as it pertains to the real estate" and further that the waiver of alimony in the decree should be vacated. On July 20, 1957 the defendant filed a notice of appeal to the Supreme Court of Illinois from the order entered by the trial court on July 1, 1957, and on August 20, 1957 the defendant by counsel appeared before one of the judges of the Superior Court of Cook County and asked leave to file a notice of appeal to the Appellate Court of Illinois from the decree entered on June 4, 1957. At that hearing the plaintiff's counsel objected to the motion on the ground that a prior notice of appeal filed by the defendant to the Supreme Court of Illinois was still pending. The court entered an order giving leave to the defendant to file instanter a notice of appeal "from the decree and order of court entered herein on the 4th day of June A.D. 1957 excepting from such said decree and order of the court so much thereof as was vacated by the order of court entered in this cause on the 1st day of July A.D. 1957." A notice of appeal in accordance with the order was filed on the same day.

When the appeal was pending in this court the plaintiff filed a motion to dismiss the appeal based upon the ground that a prior notice of appeal had been filed and was pending at the time when the second notice of appeal was filed. The attorney for the defendant, in support of his countersuggestions, filed an affidavit in which he set up that the second notice of appeal to this court was from the decree entered by the trial court on June 4th with certain exceptions, and that the

359

■■■■■■

notice of appeal to the Supreme Court applied only to the order of the court entered July 1, 1957 denying defendant's motion for a new trial and other relief. The motion to dismiss the appeal was denied.

The defendant here contends that the trial court did not have jurisdiction of the case since a praecipe was not filed at the time when the amended bill of complaint changing the action from one of separate maintenance to one of divorce was filed nor at that time was there an order by the trial court waiving the 60-day waiting period prescribed by the Divorce Act.

Before the enactment of the Practice Act of 1933 the procedure followed in commencing a suit at law was to file a praecipe requesting the clerk to issue a summons. The filing of the praecipe and the issuance of the summons were simultaneous acts, and it was held that the filing of a praecipe was the commencement of the suit (Oriental Laundry Co. v. Industrial Commission, 293 Ill. 539; Fish v. Farwell, 160 Ill. 236; Watts v. Wabash Railway Co., 219 Ill. App. 549). A suit in equity was commenced by the filing of a bill which prayed the issuance of a summons, under section 4 of the then Chancery Act (chap. 22, Ill. Rev. Stat.; Johnson v. Davidson, 162 Ill. 232). The Practice Act of 1933 provided that civil actions should be commenced by the issuance of a summons. In 1937 it was amended to provide that all civil actions were commenced by the filing of a complaint, bringing the procedure into accord with the practice in equity existing prior to the enactment of the 1933 Practice Act, and the provision of the Practice Act of 1956 contains the same provision (chap. 110, par. 13(1)). The practice in divorce cases with reference to commencement of the suit was the same as that in other chancery cases. After the Supreme Court had held the first Act requiring a waiting period of 60 days unconstitutional (People ex rel. Christiansen v. Connell, 2 Ill.2d 332), the legislature in

360

1955 amended the Divorce Act to provide that actions for divorce shall be commenced by filing a praecipe for summons, and further providing that the complaint shall not be filed until 60 days have expired after the service of summons, etc. It further provided that the trial court may upon motion supported by affidavit showing cause waive the requirement of the 60-day waiting period. The Supreme Court in People ex rel. Doty v. Connell, 9 Ill.2d 390, held that Act constitutional. Paragraph 7 of chapter 40 provided that in matters not covered by the statute the procedure in divorce is the same as in proceedings in other civil cases.

■ Paragraphs 22 and 23 of chapter 68, Illinois Revised Statutes, contain the Act governing suits for separate maintenance, and it was provided by an amendment, paragraph 23.2, to this Act passed in 1955, that "the process, practice and proceedings under this Act shall be the same as is provided for in 'An Act to revise the law in relation to divorce,' approved March 10, 1874, as amended." This amendment specifically referred to the amendment to the Divorce Act enacted in 1955 adding sections 6a, 6b, 6c, 6d and 6e (§§ 7a, 7b, 7c, 7d and 7e, chap. 40 [Ill. Rev. Stats. 1957]), setting out the requirement that suit be commenced by filing of a praecipe, with a further requirement that the complaint, unless waived by order of court, should not be filed until 60 days after the service of summons. We find no case construing section 4 of the Separate Maintenance Act (par. 23.2, chap. 68). We hold that in proceedings under the Separate Maintenance Act sections 6a to 6d inclusive of the Divorce Act (chap. 40, §§ 7a to 7d, Ill. Rev. Stat. 1957) must be complied with both in the filing of a praecipe to commence the suit and in the maintenance of a 60-day waiting period before the filing of a complaint unless such waiting period has been waived by the court in accord with the statute.

361

In the instant suit a praecipe was filed before the filing of the complaint. A petition was presented to the court asking for a waiver of the 60-day waiting period, and in the supporting affidavit filed therewith one of the grounds set forth was that the 1955 amendment to the Divorce Act did not apply to actions in separate maintenance. In the view we take this would not be a good ground for waiving the 60-day waiting period. However, in the affidavit another ground was set out sufficient to permit a waiver and was in substantial compliance with section 6c of the Divorce Act. The trial court properly exercised his judicial discretion in entering an order waiving the 60-day waiting period.

There is no question that it is proper to amend an action brought under the separate maintenance statute changing it to divorce, or to amend an action brought under the Divorce Act changing the action to one of separate maintenance. Donnelly v. Donnelly, 206 Ill. App. 627. The purpose of the legislature in providing for a 60-day waiting period before a suit for divorce could be proceeded with by the filing of a complaint was to prevent persons from hastily seeking to disrupt the marital relationship either by a suit in separate maintenance or a suit for divorce. The underlying theory is that given 60 days to consider the entire matter there might be a possibility for reconciliation and so to save the marriage. However it is not reasonable to hold that once a 60-day waiting period has properly been waived by the trial court for the filing of a suit in separate maintenance that when the cause is amended to divorce it would be either necessary or appropriate to have a second waiver order entered. Nor is there any merit to defendant's contention that since the Divorce Act provides that a suit for divorce must be commenced by the filing of a praecipe it is necessary, when the statute has been complied

362

with in filing a separate maintenance suit, that upon amendment a second praecipe must be filed. During the long period before the enactment of the Practice Act of 1933 when all lawsuits were commenced by the filing of a praecipe, nowhere in the cases is there any intimation that when an amendment was filed that a second praecipe and summons were necessary. To so hold would be to reach a palpably absurd conclusion.

■ ■ The divorce in this case was granted on the ground of cruelty, and the defendant contends that the findings of the trial court are against the manifest weight of the evidence. In the case before us the plaintiff testified to two acts of cruelty on the part of defendant. Her testimony as to each act was supported by the testimony of two witnesses. Each divorce case involving cruelty must be considered on its own facts, taking into consideration the conduct of the parties before and at the time of the provocation. In support of his contention that the acts involved herein were not of such a character as to constitute extreme cruelty, defendant cites Tesar v. Tesar, 13 Ill.App.2d 478, in which case the court reversed on the ground that the plaintiff had made no attempt to corroborate the alleged first act of cruelty, and Coolidge v. Coolidge, 4 Ill.App.2d 205, in which case the plaintiff testified to three acts of cruelty, one occurring four years prior to the separation and the other two after the plaintiff had quit the family home. These acts were denied by the defendant in the trial court and the court found that the three acts were wholly uncorroborated (p. 216), and that further doubt is cast upon plaintiff's testimony because a person who was admittedly present during one of the alleged acts of cruelty was not called as a witness by the plaintiff nor was her absence accounted for. Neither of these cases is applicable to the case at issue. The striking of the plaintiff by the defendant as set out in her testimony and that of the

witnesses constituted extreme cruelty under the law. The finding of the trial court was not against the manifest weight of the evidence, and the evidence was sufficient to support the decree. The decree contains a statement that the plaintiff has substantially proved all the material allegations of her amended complaint. The facts in a hearing on divorce need not be proved as precisely as laid (Field v. Field, 319 Ill. 268, citing with approval Lee v. Lee (Wash.), 28 Pac. 355). The complaint, the evidence and the decree are in substantial accord.

■ ■ During the hearing the plaintiff testified to the agreement which had been reached between her and the defendant. The defendant during the hearing was not present but he was represented by the same counsel who represents him in this court. Apparently the court had spent some time on May 15th in hearing the case before a jury. Some time on May 16th there was a conference in the judge's chambers. The parties were present together with the trial judge. The present attorney for the defendant and the attorney for the plaintiff were present during the entire conference, and for at least a part of the conference another lawyer associated with the present attorney for defendant participated. During that conference it is apparent from the record that an agreement as to a settlement of property rights of the parties was reached, as well as an agreement with reference to the custody of the child, hours of visitation, attorney's fees and support money. After the noon recess on May 16th the defendant's present attorney moved that a juror be withdrawn and that the matter be submitted to the court. During the entire recital of the agreements reached in the conference, defendant's counsel stood by and participated in the proceedings inasmuch as he called the plaintiff's attention to the fact that a part of the agreement reached in conference was that the plaintiff

364

should not in any way try to alienate the child's affection from the defendant, and also reiterated defendant's hours of visitation with the minor child. After each witness had testified he was asked by the court if he had any questions and he answered that he did not. At the conclusion of all the evidence the court, according to the amended record, indicated that a decree of divorce would be granted for the plaintiff, and such decree, over the subsequent objection of the defendant, was entered accordingly. The defendant contends that the court should have sustained his motion to reopen the proofs made at the time when the decree was entered. That was a matter within the discretion of the trial court and we cannot find that the court abused his discretion.

The defendant filed an affidavit in this court in which he stated that he was not relying in this appeal on any error in the entry of the order of the trial court overruling his "post trial" motion on July 1, 1957. By such affidavit he waived his right to urge error on that point in this court, assuming that he had such right in spite of his prior notice of appeal to the Supreme Court. Nevertheless in his brief he contends that the trial court was in error in denying such post trial motion and petition. The motion and sworn petition were scandalous and contemptuous in that they imputed improper motives to the court and asserted that the court in the conference between the parties and their attorneys threatened the defendant and because of such threats the defendant entered into the contested property agreement and failed to appear in court at the hearing of the case to testify or produce evidence. On July 1, 1957 the trial court considered at considerable length the motion and sworn petition which had been filed by the defendant and which were prepared by the attorney who had signed the briefs in this court. The trial court in that hearing exhibited

great patience and forbearance. He could have properly stricken the scandalous and impertinent petition and taken other appropriate proceedings against the defendant and his attorney. The motion and petition were presented to the court by an associate of the present counsel. The court in the discussion at the time of the hearing of the motion set out at great length the substance of the conference in chambers, and defendant's associate counsel, who was present during a considerable part of that conference, agreed that the court's statement was accurate. This statement is entirely at variance with the sworn petition of the defendant. The court properly overruled the petition.

We feel it proper to call attention to the Canons of Professional Ethics of the American Bar Association. Canon 1 states:

"It is the duty of the lawyer to maintain towards the Courts a respectful attitude, not for the sake of the temporary incumbent of the judicial office, but for the maintenance of its supreme importance. . . ."

Canon 15 states:

"Nothing operates more certainly to create or to foster popular prejudice against lawyers as a class, and to deprive the profession of that full measure of public esteem and confidence which belongs to the proper discharge of its duties than does the false claim, often set up by the unscrupulous in defense of questionable transactions, that it is the duty of the lawyer to do whatever may enable him to succeed in winning his client's cause. . . ."

Canon 22 provides:

"The conduct of the lawyer before the Court and with other lawyers should be characterized by candor and fairness.

"It is not candid or fair for the lawyer knowingly to misquote the contents of a paper, the testimony of a

witness, the language or the argument of opposing counsel, or the language of a decision . . . .

"It is unprofessional and dishonorable to deal other than candidly with the facts in taking the statements of witnesses, in drawing affidavits and other documents, and in the presentation of causes."

█ In the case before us counsel not only drafted the petition and sponsored it through his associate before the trial court, but he has compounded his improper conduct by urging here the impropriety of the trial court's refusal to allow the prayer of the petition and by standing squarely behind his petition in this court. On oral argument, in answer to a question, he stated that he could see nothing improper in the contents of the petition. Such conduct on the part of a lawyer tends to bring the legal profession into disrepute and is censurable.

█ Counsel in his brief has argued at considerable length constitutional questions involving due process. The compulsion to argue constitutional questions in this court seems to be an obsession with many attorneys in spite of the fact that it has been stated in this court and in the Supreme Court so many times as to not require citation of authorities, that this court has no power to pass on constitutional questions.

We find no error in the record. The decree of the Superior Court of Cook County is affirmed.

Decree affirmed.

ROBSON and SCHWARTZ, JJ., concur.