Lillian Schiff, Plaintiff-Appellant, v. Samuel M. Schiff, Defendant. Virginia Schiff, Administrator De Bonis Non With the Will Annexed of the Estate of Samuel M. Schiff, Deceased, Appellee.

Gen. No. 47,840.

First District, First Division.

March 21, 1960.

Supplemental opinion, April 11, 1960.

Rehearing denied April 11, 1960.

Released for publication April 11, 1960.

Wolfberg and Kroll, and Harry G. Fins, of Chicago, for appellant.

Walter F. Boye, of Chicago, for appellee.

JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from an order entered in the Circuit Court of Cook County striking a petition of Lillian Schiff to vacate a divorce decree which had been theretofore entered in the said court in favor of

Lillian Schiff, complainant. The defendant in the original suit, Samuel M. Schiff, was deceased at the time when the instant order was entered.

On January 25, 1957, the plaintiff, Lillian Schiff, filed a complaint for separate maintenance on the ground of cruelty, alleging that the plaintiff and defendant had lived together from the time of their marriage to the 19th day of December, 1956. On February 13, 1957, the defendant, Samuel M. Schiff, filed an answer to the complaint denying the acts of cruelty. On March 25, 1958, at the request of the plaintiff through her attorney, the court allowed the plaintiff to file instanter an amended complaint for divorce and the defendant to file an answer instanter. Neither was filed at the time. The case proceeded to hearing immediately, and at the close of the hearing the court indicated that he would sign a divorce decree. On March 26, 1958, an unverified complaint for divorce was filed by the plaintiff against the defendant alleging desertion. No answer was filed as ordered. On May 14, 1958, the court granted the defendant leave to file an answer to the complaint for divorce and the defendant filed a verified answer wherein he alleged that the plaintiff and defendant had condoned the alleged desertion since they had resumed marital relations and had lived together as husband and wife from March 12, 1957, to May 11, 1957. No reply to the answer was filed by the plaintiff. On June 5, 1958, the court granted a decree of divorce in favor of the plaintiff on the ground of desertion.

On June 23, 1958, the defendant filed a motion for a new trial with an affidavit of his attorney attached thereto, which motion was denied by the court on the same date. The defendant filed a notice of appeal from the decree of June 5th and from the order of June 23rd. An appeal bond was approved and filed.

160

No record on appeal was filed in the Appellate Court by the defendant.

On October 17, 1958, the defendant died by committing suicide. On December 12, 1958, relying on Collins v. Collins, 14 Ill.2d 178, the plaintiff filed a petition to vacate the divorce decree for lack of jurisdiction. George N. Schiff, as executor of the estate of Samuel M. Schiff, deceased, filed a motion to strike the petition. The court sustained the motion and ordered the petition stricken, and at the time filed a memorandum setting forth his reasons therefor. This appeal is taken from that order of the trial court. By order of this court Virginia Schiff, as administrator de bonis non with the will annexed of the estate of Samuel M. Schiff, deceased, has been substituted as party appellee for George N. Schiff, the executor, who died during the pendency of this appeal.

In this court the plaintiff contends that the record on its face shows that the court had no jurisdiction to enter the divorce decree on June 5, 1958, and that hence the decree was void and may be attacked collaterally. As grounds for her contention the plaintiff urges (1) that the record shows the amended complaint for divorce was filed on March 26, 1958, and since the complaint was not before the court at the time of the hearing on March 25, 1958, the court did not acquire jurisdiction to enter the decree; and (2) that the defendant's verified answer filed by leave of court May 14, 1958, alleged that the plaintiff and defendant had lived together as husband and wife at a time subsequent to the desertion date as alleged in the complaint, and since a reply to this affirmative defense had not been filed by the plaintiff, the affirmative matter therein alleged stands admitted as a matter of law.

When the defendant filed his motion for a new trial on June 23, 1958, he alleged as grounds therefor that he had filed an affirmative defense alleging that the desertion of December 19, 1956, was condoned by the plaintiff for the reason that plaintiff had resumed marital relations with him on or about March 12, 1957, and they had lived together as husband and wife until about May 11, 1957, and attached to the motion was an affidavit of his then attorney which set out in some detail the proceedings in the case at the time of the hearing on March 25, 1958. In that affidavit the attorney states that at a pretrial conference which took place that day in the judge's chambers, where an attempt was made to reach a property settlement, he (the affiant) advised the court in the presence of plaintiff and her counsel that the defendant was going to raise the defense of condonation on the trial of the separate maintenance suit and that the plaintiff did not then deny that there had been condonation subsequent to the time of filing her complaint for separate maintenance; that a property settlement was finally agreed on, and it was further agreed that the case would proceed to an immediate hearing that day as a default matter on an amended complaint for divorce to be filed later and on the oral stipulation of the parties as to the respective property rights; and that the case was thereupon proved up as a default matter. Affiant further alleged that subsequently there was delay on the part of the attorney for plaintiff in submitting the decree for divorce, and the affiant had several conversations with him concerning the reasons therefor, in the course of which the attorney for the plaintiff finally said that the plaintiff had decided not to go through with the settlement; that the affiant then told the attorney for the plaintiff that he would raise the defense of condonation; that at that time

it was apparently understood between the attorneys that the case would have to be tried again as a contested matter, and thereupon the attorney for the defendant filed a verified defense on May 14, 1958; and that substantially all of the facts contained in the affidavit were presented to the court at a hearing on June 5, 1958, which was the date when the court entered the decree of divorce.

We will consider first the contention of the plaintiff that because no complaint was actually filed at the time the hearing was held the trial court was deprived of jurisdiction.

■ Section 46 of the Civil Practice Act [Ill Rev Stats 1957, c 110, sec 46] provides that at any time before final judgment amendments may be allowed and by the amendment the cause of action may be changed or new causes added. An amendment may be filed in a suit for separate maintenance changing the action to one for divorce. Pantle v. Pantle, 19 Ill.App.2d 353; Donnelly v. Donnelly, 206 Ill. App. 627. Even prior to the adoption of the Practice Act it was held in Ohlendorf v. Bennett, 241 Ill. App. 537, that where a motion to amend has been granted but no amendment was in fact made and the parties treated the amendment as having actually been made in the subsequent proceedings in the case, the court will consider the order as standing for the amendment itself. In a more recent case in this court, Pinkstaff v. The Pennsylvania R. Co., 23 Ill.App.2d 507, 163 N.E.2d 728, the court discusses this matter fully, and cites Hinchliffe v. Wenig Teaming Co., 274 Ill. 417, where the court stated that the rule adopted in most jurisdictions in this country was to the effect that where a motion to amend has been granted but no amended pleading appears in the judgment roll, it may be treated on appeal as if actually made, and

163

cites numerous other cases in support of that conclusion. In that case the amendment was never filed.

In the case before us the affidavit of the attorney then representing the defendant clearly shows that the agreement on the part of the attorneys was that the amendment should be filed later together with the answer thereto. On March 25, 1958, the court and the parties proceeded with the case as though the amendment had actually been filed and the hearing was conducted accordingly. This case is similar to the Pinkstaff case, and stronger than the Hinchliffe case, in that an amended pleading was actually filed one day after the hearing.

The prayer in the amended complaint for divorce was defective in that after properly naming the parties throughout the entire complaint the prayer asked that the plaintiff be divorced from one "Maurice S. Alexander." The plaintiff has waived any objection thereto by failing to argue it in her brief, and even if it had been properly argued it is clear that the erroneous statement in the prayer is merely a typographical error, and the court, taking the pleadings together with the certificate of evidence and the decree, could properly have corrected it by an amendment. The court was not deprived of jurisdiction thereby.

We recognize that there are some cases in which, because of the peculiar circumstances involved therein, it is proper practice and in furtherance of justice for the trial court to hear the case where an order to amend the pleadings has been entered but no amendment has been filed; however, in the majority of cases such practice cannot be approved. Nevertheless, where a hearing is held without an amended pleading being before the court, an order permitting the amendment having been entered, under

164

the above decisions the court has jurisdiction to proceed and enter a valid judgment.

We will next consider the second contention of the plaintiff that since before the entry of the decree the defendant had filed an answer in which he alleged condonation and mutual cohabitation at dates subsequent to the alleged date of desertion, those allegations, no reply having been filed, must be treated as admissions against the plaintiff.

■■■■ In a divorce action, condonation of the offense complained of in the complaint is an affirmative defense which should be pleaded in the answer, the burden of proving which rests upon the defendant. McGaughy v. McGaughy, 410 Ill. 596; Lipe v. Lipe, 327 Ill. 39; Klekamp v. Klekamp, 275 Ill. 98. Under sections 32 and 40 of the Civil Practice Act [Ill Rev Stats 1959, c 110, §§ 32, 40], where new matter by way of a defense is pleaded in an answer a reply is necessary, and a failure to reply operates as an admission of the truth of such new matter (30 I. L. P., Pleading, sec. 82), but the defendant may waive the failure to reply by introducing evidence to prove his affirmative defense (Laegeler v. Bartlett, 10 Ill.2d 478). Here there was no waiver because no hearing was held subsequent to the filing of the answer. However, where a complaint meets and denies matter set up in an answer no reply to the answer is necessary. Allwood v. Cahill, 382 Ill. 511; In re Estate of Brauns, 330 Ill. App. 322; City of Flora for use of Liberty Mut. Ins. Co. v. Bryden, 300 Ill. App. 1. In the instant case the plaintiff in her amended complaint for divorce alleged that the defendant wilfully deserted her December 19, 1956, "for the space of one year and upward, and has persisted in such desertion, and yet continues to absent himself from the plaintiff," and in the certificate of evidence, which, as plaintiff points

out, we may properly consider here since it was made a part of the divorce decree, the plaintiff at the March 25, 1958, hearing testified that since December 19, 1956, she had lived separate and apart as a single person, and in that she was corroborated by the testimony of her two witnesses. The plea of condonation is an argumentative denial of his continued desertion, and consequently it is sufficiently negated by the complaint to obviate the necessity of a reply. In such a case the statements in the answer are not admissions merely because no reply has been filed.

The plaintiff in her brief has called attention to the fact that the plea was verified. Without deciding whether in any case that fact would have any effect on the announced rule in this particular case, the sworn testimony of plaintiff and her two witnesses must be weighed against the verification of the defendant. In plaintiff's motion to vacate the decree she stands upon the technicality that since the plea is not denied it constitutes an admission on her part that there was condonation and that the parties did resume cohabitation and marital relations for a period from March 12, 1957, until May 11, 1957. Nowhere does she state that such statement was true, nor could she so state without admitting that on the trial of the case she and her witnesses committed perjury, and in fact plaintiff's sworn allegation, that because of her failure to file a reply she admitted condonation, is self-stultifying. There is nothing in the record to indicate that the result would be any different if the court had ordered a further hearing after the answer had been filed.

 In this case in order to get a clear picture of the issues involved we have found it necessary to go beyond the abstract and examine the record. This procedure is proper where the judgment is affirmed. Richman Chemical Co. v. Lowenthal, 16 Ill.App.2d 568.

The order of the Circuit Court of Cook County is affirmed.

Affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.

SUPPLEMENTAL OPINION

JUSTICE McCORMICK delivered the supplemental opinion and ruling on petition for rehearing.

██ ██ It has been urged by the plaintiff that at the time the separate maintenance action was amended to a divorce action no order was entered by the court waiving the 60-day "cooling off" period as prescribed in the Divorce Act [Ill. Rev. Stat. 1957, ch. 40, par. 7c]. This point was not raised or argued in the original brief filed by the plaintiff, and is urged for the first time in her petition for rehearing. It therefore could be considered to have been waived. (Appellate Court Rule 7.)

The amendment to the Divorce Act enacted in 1955 provided that suit be commenced by filing of a praecipe, with a further requirement that the complaint should not be filed until 60 days after the service of summons, etc. unless the 60-day waiting period was waived by the court. In Pantle v. Pantle, 19 Ill.App.2d 353, we held that those provisions of the Divorce Act were by the terms of chapter 68 of the Illinois Revised Statutes made applicable to a suit for separate maintenance. We further held that where a praecipe had been filed and there had been a proper waiver of the "cooling off" period at the time of the filing of the complaint for separate maintenance there was no necessity for filing a second praecipe, for a second waiver or for a compliance with the 60-day waiting period before filing the amendment changing the action to one for divorce.

167

In the case before us over a year elapsed between the time of the commencement of the separate maintenance suit and the amendment changing the action to one for divorce. The record shows that the separate maintenance action was commenced by the filing of a praecipe, followed by the filing of a complaint on the same date bearing the stamp "BY ORDER OF COURT." An answer to the complaint was filed. There is nothing further in the record concerning the proceedings in the action for separate maintenance. No contention has been made before us that the complaint therein was not properly filed. We must assume that the court had proceeded properly and in compliance with the statute. Anderson v. Anderson, 4 Ill.App.2d 330.

The petition for rehearing is denied.

Rehearing denied.

DEMPSEY, P. J. and SCHWARTZ, J., concur.