William E. Kratovil, Plaintiff-Appellee, v. Walter A. Thieda and Jean M. Thieda, His Wife, Defendants-Appellants.

· Gen. No. 50,272.

First District, First Division.
September 13, 1965.
Rehearing denied October 1, 1965.

Frank J. Toman, of Berwyn, for appellants.

Edward F. Zahour, of Chicago (Abraham M. Horwitz, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Plaintiff, William E. Kratovil, brought suit against defendants Walter A. Thieda and his wife Jean, charging that they, on July 3, 1956, had made and delivered to him a promissory installment note (described as exhibit one and by reference made part of the complaint); that $1,372 had been paid on installments applying to principal and interest thereon; that there remained unpaid the sum of $2,478 and according to its terms this balance was now due and payable to plaintiff, the holder and owner thereof.

Exhibit 1 was a promissory installment note, executed by defendants and one Edward T. Herdlicka in the principal sum of $3,850 with interest thereon at the rate of 6% per annum, payable monthly on the whole amount of said principal sum remaining from time to time unpaid, said principal and interest payable in installments of two hundred dollars or more each month until the note was fully paid. Its language included "For value received, we promise to pay to Bearer" and reciting that payment thereof was secured by trust deed to the plaintiff, as trustee, on real estate in Cook County, Illinois.

Defendants, having been served with summons, caused their appearance and answer to said complaint to be filed by counsel. In the answer defendants denied liability alleging that they were only guarantors or accommodating endorsers for Herdlicka, who received the proceeds of the loan so made; that they were entitled to notice of default or any extensions of time granted by plaintiff to Herdlicka; that they received no such notices and were thus relieved of any liability.

The case was reached on the regular trial call, April 26, 1961. Neither defendants nor their counsel appeared

and the court taking "the case on the complaint and answer and hearing testimony on behalf of the plaintiff" entered an ex parte judgment against defendants for $2740.58. An execution issued April 9, 1963. Defendants, upon being served with the execution made timely application to vacate and set aside the judgment by petition and supporting affidavit under section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, (§ 72). They averred that unbeknownst to them, their attorney having passed away January 16, 1961, no one appeared on their behalf and the ex parte judgment was consequently entered. They stated that they first became aware of the facts after being served with execution.

Their petition, as amended, charged that they had a good and valid defense to the action, namely, that said Edward T. Herdlicka had requested of plaintiff a loan of $3,500; plaintiff, seeking security for the loan requested that Herdlicka have someone with real estate secure the obligation, whereupon Herdlicka asked them to sign a note as sureties or guarantors. Being acceptable to plaintiff, he asked them to sign a note for $3,850 with Herdlicka, and that they secure the same by trust deed to certain property they owned. They stated that Herdlicka was given the entire proceeds of the loan so secured. Thereafter, defendants asserted, plaintiff entered into a binding agreement with Herdlicka, without their knowledge, consent or approval, to extend the time of repayment of said note by agreeing to accept payments of $50 a month plus interest at the rate of 6% per annum on balances from time to time remaining unpaid. Defendants prayed the judgment be vacated, that the cause be set for trial on the merits, and that they have such other and further relief as shall deem meet.

On May 25, 1964 the court entered an order that the judgment be opened, and stand as security; that de-

fendants' amended petition stand as an amended answer to the complaint; that plaintiff "is ordered and given leave to file a reply" and that the cause be transferred for reassignment for trial.

Plaintiff filed a reply to defendants' amended petition, now standing as their amended answer, wherein he stated that defendants and Herdlicka, for value received, executed and delivered to him, on July 3, 1956, their installment promissory note for $3,850, bearing interest at 6% per annum on the balance remaining from time to time unpaid; that up to April 28, 1959 the sum of $1,372 had been paid leaving a balance due and owing in the sum of $2,478 plus interest thereafter. Plaintiff further averred that he "stands on the face of the note as executed by the defendants under statute in such case made and provided."

The cause came on for hearing September 25, 1964. Plaintiff introduced the note in question. Defendants stood upon the pleadings. The following draft was entered:

> This cause coming on to be heard on the pleadings, the judgment entered on April 26, 1961 having been entered and standing as security, and upon hearing herein and the court having heard evidence in behalf of plaintiff and the defendants electing to stand on the pleading; the court being fully advised in the premises:
>
> It is ordered that the judgment entered herein April 26, 1961 be and is hereby allowed to stand in full force and effect.

Defendants, in appealing from said order, contend that their amended answer sets up a good affirmative defense, and that plaintiff's reply, by merely reaffirming the averments of the complaint and not specifically denying the allegations of their defense, admitted

.237

those allegations. They therefore urge that the trial court erred in entering judgment against them instead of in their favor.

■ Were we to adopt defendants' contention that plaintiff's pleadings admit the truth of the allegations of their affirmative defense, it does not follow that they were entitled to judgment. A failure to reply only admits the truth of the new matter and does not admit the legal sufficiency thereof. 30 ILP Pleading Sec 82. Whether defendants have a valid defense, therefore becomes the prime issue.

■■ The note, having been executed prior to July 1, 1962, the effective date of the New Commercial Code (Ill Rev Stats 1963 c 26, see § 10–101) is therefore governed by the formerly applicable provisions of the Negotiable Instrument Act (Ill Rev Stats 1959, c 98).

In considering whether one could plead the defense that he was an accommodation endorser in view of the fact that he had signed the note on the face of it as if he were a comaker, the court, in Skolnik v. Susco Production, 349 Ill App 402, 111 NE2d 180 (1953) stated (pp 406, 07):

> "As to defendant's contention that he was an accommodation endorser; received no consideration, and was not liable as a maker, an examination of the note negates this defense. It shows it was executed by Susco Production, a corporation, Manford S. Susman, individually, and defendant E. M. Robinson, individually. There is no ambiguity. He signed as one of the makers in the place provided for the maker's signature, and is liable regardless of whether or not he signed at the request of the plaintiff. This court said in the case of Peterson v. Swanson, 259 Ill App 80: 'Section 17 (of the Negotiable Instruments Law

238

of this State, Cahill's St c 98, par 37) recites the rules of construction where the instrument is ambiguous. The particular rule referred to is found in par 6. It reads: "Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser." But there is no ambiguity here as to the location or placing of the signature, or in fact in any other respect on the face of the instrument. From its face one conclusion only is deducible, namely, that appellant and his cosigners signed the note in the capacity of joint makers, and there is nothing in the proof regarding their intention that justifies a different conclusion. We might say, as said by Mr. Justice Winslow in Germania Nat. Bank of Milwaukee v. Mariner, 129 Wis 544: "To say that, where it conclusively appears from the instrument that the signer intended to sign as a maker, the statute (referring to a like paragraph of the Wisconsin Negotiable Instrument Act) is intended to make him an indorser, would be little short of ridiculous." '

"It was also there said that said section applies only when a doubt fairly arises from the ambiguous location of the signature. There is no room for any such doubt here. The additional signatures are placed where one usually signs his name whether he intends to be bound as principal, surety or absolute guarantor."

See also Grove v. Chicago Title & Trust Co., 25 Ill App2d 402, 166 NE2d 630 (1960) p 409.

Furthermore, Section 29 of the Negotiable Instruments Act (Ill Rev Stats 1959 c 98 § 49) defines an accommodation party as one who has signed the instrument as maker, drawer, acceptor or indorser for

239

■

the purpose of lending his name to some other person. "Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party. . . ." In 11 CJS Bills and Notes, Sec 739(b) it is stated: "An accommodation maker of a note is primarily liable thereon and the fact that a party is an accommodation maker gives rise to a duty on his part to a holder for value, no greater or less than or different from that imposed on a maker who received value, and as between the accommodation maker and a holder for value, the former will be held as a principal, even though the holder knew that he was a surety as between himself and the other makers. . . ."

We therefore hold that defendants were primarily liable to plaintiff and any extension of time given to the comaker Herdlicka did not affect their liability as accommodation makers on the note. 10 CJS Bills and Notes, Secs 469, 470.

The trial court did not err in reinstating the judgment of April 26, 1961 and its judgment order is affirmed.

Affirmed.

BURMAN, P. J. and MURPHY, J., concur.