First Federal Savings and Loan Association of Chicago, a United States Corporation, Plaintiff-Appellee, v. American National Bank and Trust Company of Chicago, a National Banking Association, as Trustee Under Trust Agreement Dated 11/10/58, and Known as Trust No. 13969, Warren E. Avis, Alex Flicht, and Chicago Title and Trust Company, an Illinois Corporation, as Trustee Under Trust Deed Dated 10/15/64, and Recorded 10/21/64, as Document No. 19 280 552, Defendants, Alex Flicht, Defendant and Counter-plaintiff-Appellant.

Gen. No. 51,149.

First District, Fourth Division.

October 9, 1968.

Jesse Marcus, of Chicago, for appellant.

Leo B. Blaber, Jr., Blaber, Kramer & Gillespie, of Chicago, for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from an order of the Circuit Court entered on November 29, 1965, which order decreed a foreclosure and sale of certain mortgaged premises and the chattels and personalty contained therein, and which at the same time denied the claims asserted in appellant's amended counterclaim. However, in this appeal the appellant only questions the validity of the foreclosure decree in its application to the chattel mortgage, and further contends that the trial court erred in denying him the relief prayed for in his counterclaim.

The evidence presented in this case is clear and uncontroverted. The defendant, American National Bank and Trust Company of Chicago (hereafter referred to as the defendant bank), under Trust Agreement No. 13969, dated January 27, 1959, holds the legal title to certain real estate located at 58th Street and South Cicero Avenue in Chicago, Illinois, known as the Avis Motel, and to all the

fixtures, machinery, equipment, furniture, goods and all other chattels, in addition to those specifically described in a list attached to the trust agreement, contained therein. Defendant Warren E. Avis is the owner of the beneficial interest of that trust.

On February 13, 1959, the defendant bank, acting in its capacity as trustee under the trust agreement with Avis, and not personally, made, executed and delivered to plaintiff its promissory note for $400,000, payable with interest, said principal and interest being payable in monthly installments; $3,903.50 due on March 30, 1959, and a like sum payable on the 30th day of each and every month thereafter until the note is fully paid on February 28, 1971. The note further provided that upon any default in the prescribed payments the whole unpaid balance would become immediately due and payable at the election of the appellee.

In order to secure its note the defendant bank delivered to appellee its trust deed to the real estate described in the beforementioned trust, and as further security delivered a chattel mortgage covering those chattels specifically described and listed, all the other chattels then on the premises, and all the chattels to be placed thereafter upon the said premises. Both the trust deed and the chattel mortgage were filed for record on February 20, 1959, in the office of the Recorder of Deeds of Cook County, Illinois. On April 9, 1964, the appellee filed with the same Recorder of Deeds an affidavit for extending its chattel mortgage.

On July 1, 1964, prior to the maturity of the note, the defendant bank stopped paying the principal and interest due and owing to the appellee under the terms of that promissory note, and thereafter no further payments were made. Subsequently, on October 13, 1964, defendant-counterplaintiff, Alex Flicht (hereafter referred to as the appellant), acquired title to the motel premises under a quitclaim deed and title to the chattels located therein

463

under a bill of sale executed and delivered by Warren E. Avis. The bill of sale specifically described the chattels conveyed as being subject to the chattel mortgage filed for record by the appellee. The real and personal property was purchased by the appellant for $30,000, to be paid $5,000 in cash and the balance by a promissory note of $25,000, secured by a second trust deed on the premises.

On November 5, 1964, over four months after the defendant bank had defaulted on its promissory note, the appellee filed its complaint to foreclose on the trust deed and the chattel mortgage, and on the 13th of that month a receiver was appointed who took possession of the premises in question and the chattels therein. Appellant filed his answer, claiming that the appellee was not entitled to foreclose on 87 television sets then located on the premises. He then filed a counterclaim asking for affirmative relief in reference to those television sets; namely, that they be turned over to him as his property, and that the appellee pay him a fair rental value for their past use.

The cause was referred to a master in chancery, and while it was pending there the appellant appeared before the trial court on September 22, 1965, and asked leave to file an amended answer and counterclaim. The court referred the motion to the same master, who recommended that he be given leave to file the amendments to his pleadings. In his amended pleadings appellant stated that not only was he entitled to possession of the 87 television sets referred to in his original answer and counterclaim, but also to possession of all the other chattels located on the premises, and prayed for affirmative relief in that regard.

After considering all the evidence presented the master determined that under the law of Illinois the appellant was not entitled to the relief prayed for with respect to any of the chattels located on the premises in question. The appellant then filed objections to the master's report which were allowed to stand as exceptions. On November

29, 1965, the trial court entered an order adopting the master's recommendation and permitted the appellant to file his amended answer and counterclaim. The appellee, however, did not ask leave to file any additional pleadings. The court then overruled the exceptions to the master's report and entered a decree of foreclosure on the trust deed and chattel mortgage. On December 16, 1965, the appellant filed his notice of appeal. Seven days later, on the 23rd, the appellee requested for the first time leave to file a reply and answer to appellant's amended answer and counterclaim. The court granted appellee's request on December 27, 1965.

In this appeal the appellant sets forth two theories which he believes entitle him to the relief prayed for. First, he claims that the trial court had no jurisdiction to enter the order of December 27, allowing the appellee leave to file responsive pleadings to his amended pleadings after his notice of appeal had been filed on December 16, 1965, and that the trial court therefore erred in entering a decree of foreclosure of the chattel mortgage, since the case was not in issue in that his amended answer and counterclaim stood admitted without ever having been denied.

Also, the appellant asserts that the trial court erred in overruling his exceptions to and adopting the master's report which held that his rights in the chattels located on the premises were inferior to those of the appellee. Specifically, the appellant claims to have rights superior to those of the appellee in all of the mortgaged chattels on the theory that since the appellee did not take possession of the chattels within a reasonable time after the defendant bank defaulted on its note, it thereby forfeited its prior lien on the chattels where the rights of a purchaser of those chattels for value—such as the appellant—have intervened. Disregarding the question of whether the appellee acted promptly, nevertheless the appellant claims that since the 87 television sets on the

465

premises had not been described in the chattel mortgage, they were not included therein.

■ Section 76(2) of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 76(2)) provides that "An appeal is perfected when the notice of appeal is filed in the lower court. After being perfected no appeal shall be dismissed without notice, and no step other than that by which the appeal is perfected is jurisdictional." In other words, with the filing of notice of appeal the trial court was divested of its jurisdiction to enter the order permitting the filing of further pleadings. Lind v. Spannuth, 8 Ill App2d 442, 131 NE2d 796.

The situation presented in the instant case is comparable to that in Butler v. Palm, 36 Ill App2d 351, 184 NE 2d 633. In that case the lower court allowed the plaintiff to file an amended complaint after the defendant had perfected his appeal. On review the court stated at page 366:

"This appeal was perfected on March 10, 1961, when the notice of appeal was filed in the trial court. (Ill Rev Stats c 110, § 76.) When that is done the case proceeds in this court, not as a new case but as a continuation of the one that was pending in the trial court, and the jurisdiction of this court attaches when the notice of appeal was filed in the trial court and we have no jurisdiction to consider any proceeding of the lower court after notice of appeal was filed and served. The only questions which this court can consider on this appeal are those existing when the notice of appeal was filed."

In the instant case the appellant filed his notice of appeal with the trial court on December 16, 1965; eleven days later, on the 27th of December, the trial court allowed the appellee leave to file a reply and answer to appellant's amended answer and counterclaim and entered an order to that effect. Therefore, under the rules of law which we have discussed, the order of December 27,

466

1965, is void and without legal effect, since it was entered after the appellant had perfected his appeal and after the trial court had been divested of its jurisdiction in this regard. Consequently, the appellant's amended answer and counterclaim stand unchallenged as pleaded.

 Under sections 32 [1] and 40 [2] of the Civil Practice Act, a reply to the defendant's answer is mandatory where a new matter by way of a defense is pleaded. Under the Act, if the plaintiff fails to so reply his failure constitutes an admission as to the truth of the new matter alleged. Schiff v. Schiff, 25 Ill App2d 157, 165 NE2d 713; Husted v. Thompson-Hayward Chemical Co., 62 Ill App2d 287, 210 NE2d 614.

In the instant case the appellant presented new matter by way of a defense in both his original and amended answers. In his original answer he claimed that 87 television sets located on the subject premises were not mortgaged under the chattel mortgage in question since those chattels were not specifically described in that document. In his amended answer he further asserted that he was entitled to possession of all the chattels on the premises because the appellee had forfeited its lien on all the chattels by failing to take possession of them within a reasonable time after the defendant bank defaulted on its note. Under these circumstances the appellee, having failed to reply, ordinarily would be estopped to deny the truth of the allegations contained in the appellant's answers. However, where the appellant—as in the instant case—introduces evidence in support of his allegations and proceeds in litigating the case as though his adversary's responsive

---

[1] Ill Rev Stats 1963, c 110, § 32, in pertinent part: "If new matter by way of defense is pleaded in the answer, a reply shall be filed by the plaintiff, . . ."

[2] Ill Rev Stats 1963, c 110, § 40(2): "Every allegation, except allegations of damages, not explicitly denied is admitted, unless the party states in his pleading that he has no knowledge thereof sufficient to form a belief, . . ."

467

pleadings had been properly filed, and the issues created by his answer are fully litigated, then he waives any advantage he may have gained as a result of his adversary's failure to plead. Not having raised the point of pleading before the trial court, the appellant here is now in no position to assert that the appellee admitted his allegations. Mooney v. Lloyd's, London, 33 Ill2d 566, 213 NE2d 283; In re Estate of Marsh, 31 Ill App2d 101, 175 NE2d 633; Croy Mfg. Co. v. Marks, 62 Ill App2d 373, 210 NE2d 814.

■ While the failure to reply to an answer ordinarily amounts to an admission that the new matter alleged therein is true, it does not amount to an admission that such new matter constitutes a valid legal defense. Kratovil v. Thieda, 62 Ill App2d 234, 210 NE2d 819. Therefore, even if the appellee had been estopped to deny the appellant's allegations, the appellant still would not be entitled to the relief prayed for since we conclude that he does not have a valid legal defense and that his interest in the subject chattels is subordinate to that of the appellee.

■ The appellant asserts in his original answer that since the 87 television sets were not specifically described in the chattel mortgage they were not mortgaged thereby. The rule of law applicable in resolving this question was succinctly set out in State Bank of Eureka v. Lynn L. Banta, Inc., 44 Ill App2d 325, 194 NE2d 669. At page 328 the court stated:

> "The rules applicable in determining the sufficiency of a description of property covered by a chattel mortgage are not so rigid as those applicable in determining the sufficiency of a description contained in a conveyance of real estate. 8 ILP 119, Chattel Mortgages § 42. It has been held that the description in a chattel mortgage should be sufficiently specific to afford third persons the means of identifying the chattels, and that generally a descrip-

tion is sufficient which contains enough information to enable third persons, aided by inquiries which the instrument itself suggests, to identify the property. Southern Surety Co. v. Peoples Bank, 332 Ill 362, 369, 163 NE 659; Melody v. Arcola State Bank, 249 Ill App 85, 88."

In the instant case the chattel mortgage specifically described certain chattels as being mortgaged, but also covered all those chattels then on the premises and those to be placed on the premises thereafter. This description contains sufficient information to have enabled the appellant, if he had inquired, to identify the 87 television sets as being mortgaged property. Consequently, the appellant's first assertion is without merit.

The appellant further claims in his amended answer that where articles are included in a chattel mortgage and are purchased before a default, the purchaser gets good title to the chattels unless the mortgagee takes possession of them within a reasonable time after the default. Section 4 of the Chattel Mortgage Act (Ill Rev Stats 1957, c 95, § 4) is controlling on this point. That section provides in pertinent part:

"No mortgage, trust deed or conveyance of personal property having the effect of a mortgage or lien upon such property hereafter executed shall be valid as against the creditors of the mortgagor, subsequent purchasers, mortgagees, or lienors, even though admitted to record, as hereinafter provided, unless it shall be deposited for filing or recording in the office of the recorder of deeds of the proper county or counties within 20 days of the date of its execution. . . . any such chattel mortgage shall cease to be valid as against the existing or future creditors of the party making the same and as against subsequent purchasers, mortgagees or lienors in good faith and for value, upon the expiration of 90 days from maturi-

469

ty of the entire debt or obligation or five years and 90 days from the receipt of such instrument for filing or recording, whichever is earlier, unless, prior to the time when any such chattel mortgage shall cease to be valid as aforesaid, there shall be filed or recorded in the office of the recorder of deeds of the county where the original mortgage is recorded or filed, an affidavit made by the mortgagee, or by the mortgagee's agent or attorney on behalf of the mortgagee setting forth the names of mortgagor and mortgagee and the date of filing or recording of such mortgage, the interest which the mortgagee has by virtue of such mortgage in the property therein mentioned, and if such mortgage is for the payment of money, the amount remaining unpaid thereon, and the time when the same will become due by extension or otherwise. Such affidavit shall be recorded or filed by such recorder in the same manner as the mortgage to which it relates, and thereupon the validity of the mortgage as against such creditors and others as aforesaid shall be extended to a date 90 days from the maturity date specified in such affidavit, but not to exceed five years and 90 days from the date such affidavit is so filed or recorded, . . ."

Under the Act a valid chattel mortgage ceases to be valid 90 days after its stated maturity date or, as in the instant case, where the maturity date exceeds five years, after five years and 90 days from the date it was filed, unless an extension affidavit is filed. The appellant admits in his brief that the appellee's chattel mortgage was properly filed and extended. Consequently, the validity of the appellee's mortgage is not in issue, and his interest in the chattels described therein, pursuant to section 4, is superior to that of a subsequent purchaser for value. In any event, even if the mortgage had ceased to be valid, the appellee's interest in the chattels, as a mortgagee, would only be inferior to that of a subsequent bona

fide purchaser for value. Here the evidence clearly demonstrates that the appellant did not purchase in good faith. His bill of sale recited, and he was well aware of the fact, that the chattels conveyed to him were subject to the appellee's chattel mortgage.

█ █ However, if the appellant could bring himself within it, there is one notable exception to this rule which would entitle him to the relief prayed for. It has often been held that a person purchasing chattels under a mortgage duly acknowledged and recorded before the mortgage matures, takes subject to the mortgage. But where a bona fide purchaser for value acquires his interest after maturity, then the mortgagee must take possession of the chattels within a reasonable time after default or forfeit his prior lien. As noted, however, this exception will not protect a person who purchased the chattels in good faith from the mortgagor before the debt had matured. In addressing itself to this question the court in Blake-Silkwood Motor Co. v. Spires, 245 Ill App 148, 151, pointed out:

> "Appellant overlooks the fact that the mortgage was duly recorded and that he became the purchaser before the maturity of the debt. He had constructive notice and, under the circumstances stated, cannot be heard to say that the mortgagor has lost any right, because it was not diligent in taking the property into possession. Arnold v. Stock, 81 Ill 408; Sondheimer v. Graeser, 172 Ill 297."

See also State Bank of Eureka v. Lynn L. Banta, Inc., 44 Ill App2d 325, 329–330, 194 NE2d 669.

In the instant case, upon a default by the mortgagor the appellee, as mortgagee, under the terms of the promissory note, had an option to either declare the note due and payable and in effect accelerate its maturity date, or to simply wait and foreclose on the mortgage on its stated maturity date.

471

There is no obligation upon the appellee to declare a forfeiture at any particular time. Barbour v. White, 37 Ill 164; Blake-Silkwood Motor Co. v. Spires, supra.

The appellant in the instant case purchased the chattels from the mortgagor, Warren E. Avis, on October 16, 1964. It was not until November 5, 1964, that the appellee exercised its option and declared the note to be immediately due and payable. Since, as mentioned previously, the appellant was not a bona fide purchaser and purchased the chattels from the mortgagor prior to the maturity date of his debt, he had both constructive and actual notice of the appellee's chattel mortgage. Therefore, he does not come within the exception to the aforesaid rule and will not now be heard to say that he has lost any of his rights because of the appellee's lack of diligence in repossessing the mortgaged chattels.

The appellee, having perfected its chattel mortgage covering all the property located on the subject premises at the time of the foreclosure, has rights superior to those of a subsequent purchaser for value under these circumstances, and is entitled to a foreclosure decree in his favor. The trial court also properly ruled that the appellant was not entitled to the relief prayed for in his counterclaim.

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER and ENGLISH, JJ., concur.