(No. 41958.—

ELEANOR B. ROTH, Appellee, *vs.* G. WALLACE ROTH, Appellant.

*Opinion filed March 24, 1970.*

ROBERT A. SPRECHER, of Chicago, for appellant.

SCHIFF, HARDIN, WAITE, DORSCHEL & BRITTON, of Chicago, (W. DONALD MCSWEENEY, BYRON E. BRONSTON, BARRY L. KROLL, of counsel,) for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District, which reversed but did not remand a judgment of the circuit court of Cook County. (*Roth* v. *Roth,* 101 Ill. App. 2d 286.) The circuit court had denied the appellee Eleanor B. Roth's motion to strike and dismiss a counterpetition which the appellant G. Wallace Roth had filed. Also under the counterpetition the circuit court had modified in part its earlier decree, which provided for a property settlement agreed upon by the parties at the time of their divorce on July 25, 1963. We granted the appellant's petition for leave to appeal from the appellate court's judgment.

The appellee in November, 1964, filed a petition in the circuit court complaining that the appellant had wilfully refused to make payments of $100 per month to her under the terms of a note for $3,000, as the decree of divorce had directed. The appellant responded by filing an answer, and a counterpetition which sought to modify the decree insofar as it provided for the monthly payments under the note and

for the assignment to the appellee of approximately $25,000 from an inheritance which the appellant was to receive from an uncle's estate. The modification of the decree was sought because the appellee allegedly had made "fraudulent and deceitful representations" to obtain the property settlement. These representations, expressed during conferences which preceded the entering of the decree, included statements by the appellee that she had no plans to remarry, which were made at a time when the appellee allegedly had already planned to be remarried immediately upon obtaining a divorce. An amendment to the counterpetition further alleged that because of these representations, and in reliance upon their veracity, the trial court led the appellant to include in the property settlement the provisions in favor of the appellee regarding the note and the property he would take from his uncle's estate. The counterpetition also set forth that the appellee was remarried on August 26, 1963, 31 days after the entry of the decree.

The grounds for the appellee's motion to strike and dismiss the counterpetition were that a motion to modify or vacate a divorce decree cannot be brought under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 72), that the filing of the petition had been barred by the two years limitation of section 72, and finally that the appellant did not set forth facts which would entitle him to the relief asked. When the trial court denied her motion, the appellee declared that she chose not to file an answer to the petition, but rather would stand on her motion to strike.

The court then conducted a hearing at which testimony was taken from the appellant and from the attorney who had represented him in the original proceeding. They testified that the appellee had stated during the pretrial conferences that she had no plans for remarriage and that because of this the appellant had been induced to include the described provisions in the property settlement agreement which was subsequently incorporated in the decree. The

testimony also was that the appellee, 31 days after the entry of the decree of divorce, had married George V. Brown, to whom she had been introduced by the appellant in 1948 or 1949. As stated, the counterpetition set forth that the appellee had plans for remarriage at the time she made contrary representations in the pretrial conferences. The appellant at the hearing did not specifically testify, nor did his former attorney, that the appellee had made such plans at the time of her pretrial statements.

The appellee did not offer evidence at the hearing and stated that she was standing on her motion to strike. She acknowledged to the court that the legal effect of this was to admit all the facts well pleaded by the appellant.

An order modifying the decree was then entered by the trial court. The order recited that representations by the appellee that "she did not have any marriage plans" were false in that the appellee "had prior to and during said pretrial conferences made plans to marry one George V. Brown of Cleveland, Ohio." The order stated that these misrepresentations were a fraud on the court and constituted fraudulent inducements which resulted in the appellant's making the property settlement. The decree of divorce was modified to the extent that the appellant was relieved of the obligation of assigning to the appellee the interest he would receive from his uncle's estate.

The appellate court upon its review of the case held it had been proper for the appellant to have filed his counterpetition under section 72 of the Civil Practice Act. The circuit court judgment was reversed, however, upon a finding that no ground for modifying the original decree appeared in either the allegations of fact set out in the pleadings or in the evidence presented at the hearing. *Roth* v. *Roth,* 101 Ill. App. 2d 286, 296.

The appellate court did correctly state that, assuming sufficient grounds, relief from a final divorce decree may be had through a petition filed under section 72 of the Civil

Practice Act. (*Collins* v. *Collins*, 14 Ill.2d 178; *Van Dam* v. *Van Dam*, 21 Ill.2d 212.) A decree of divorce procured through the fraud of either party may be vacated or modified under the section. (*Van Dam* v. *Van Dam*, 21 Ill.2d 212.) A misrepresentation in order to constitute a fraud must consist of a statement of material fact, false and known to be so by the party making it, made to induce the other party to act, and, in acting, the other party must rely on the truth of the statement. (*Roda* v. *Berko*, 401 Ill. 335.) The counterpetition alleged that the appellee's representations that she did not have any marriage plans were false when made, that at the time she made them she already had made plans to remarry, and that in reliance on these misrepresentations the court prevailed upon the appellant to agree to the described provisions in the property settlement which was incorporated into the decree. The petition was filed within two years after the entering of the decree and it is clear that it made allegations of fact which, if true, would entitle appellant to the relief sought.

We cannot accept the conclusion of the appellate court that there was no evidence in the record to support the finding of the circuit court that the appellee's representations were false when made. A purpose of pleading is to develop the issues to be determined. A failure to respond to an adversary pleading may constitute an admission of all the facts well pleaded by the adversary and admissions thus drawn from a failure to plead may be considered as evidence. (See *Mooney* v. *Underwriters at Lloyd's, London*, 33 Ill.2d 566. *People ex rel. Lacanski* v. *Backes*, 19 Ill.2d 541, 543; see also, Ill. Rev. Stat. 1967, ch. 110, par. 40(2); 2 Nichols, Illinois Civil Practice, 1960, sec. 1233.) When the appellee elected to stand on her motion to dismiss rather than file an answer to the appellant's petition, there was an admission of all facts well pleaded in the petition. That this was understood by the appellee is clear from a colloquy between the trial court and her counsel:

"COUNSEL: We stand on our motion to strike.

THE COURT: You stand on your motion?

THE COURT: Let me say that standing on your motion to dismiss, to strike and dismiss the counter-petition filed by G. Wallace Roth, the respondent and counter-petitioner in this case, means that by your motion you admit all the facts well pleaded.

COUNSEL: Yes."

Thus, the appellee chose to stand on her motion to strike the petition and to admit the facts well pleaded in the petition. One of the admitted allegations of the petition was that when the appellee stated she had no marriage plans she in fact planned to be remarried immediately upon obtaining the divorce. The appellant thus adequately presented his case for the relief sought.

The effect of the admission was not destroyed or lessened because the appellant did not furnish evidence relative to its subject matter at the hearing held on the counterpetition. As the parties acknowledge, the hearing was conducted pursuant to section 50(5) of the Civil Practice Act. (Ill. Rev. Stat. 1967-, ch. 110, par. 50(5).) This section authorizes the court in its discretion to require additional proof of the allegations of the pleadings after there has been a default for want of an appearance or for a failure to plead. (See, Historical and Practice Notes, Smith-Hurd Anno. Stats. 1968, ch. 110, § 50(5).) The scope of such a proceeding and the character of the evidence called for is within the discretion of the court. (See, *People ex rel. Barrett* v. *Logan County Building and Loan Association,* 369 Ill. 518, 531; 4 Nichols, Illinois Civil Practice, 1960, sec. 4115.) The proceeding need not be the equivalent of a full trial at which satisfactory evidence on every element of the cause of action must be presented. Unless the trial court requires proof of an admitted allegation at the hearing, a failure to present evidence of what has been admitted is without significance.

The circuit court erred, contends the appellee, because

in reaching its judgment it improperly considered matters not in the record which was made before it. The argument is that the trial judge relied, at least in part, upon his recollection of what had occurred at the pretrial conferences, rather than considering only the record. Generally, except for that which a court may judicially notice, the matters considered in reaching a judgment must be within the record before the court. (See, *People* v. *Cooper,* 398 Ill. 468, 472; *Sniader* v. *Sniader,* 40 Ill. App 2d 384, 388.) However, not every departure from the rule will call for reversal. A showing of prejudicial effect is required. (See *Dayan* v. *Dayan,* 86 Ill. App. 2d 358, 361; *cf. Glasser* v. *United States,* 315 U.S 60, 82, 86 L Ed 680, 706, 62 S Ct. 457, 470.) Here, the trial court's summation of the case at the close of the hearing was basically a restatement of matters testified to or admitted. The variation from the record was insubstantial. There was no necessity for the court to have gone beyond the record to draw its findings and there is no showing it did so. We conclude under the circumstances that no prejudicial error occurred.

The judgment of the appellate court is reversed and that of the circuit court of Cook County is affirmed.

*Appellate Court reversed; circuit court affirmed.*