ROBERT L. SHARER, Plaintiff-Appellee, *v.* WANDA L. SHARER, Defendant-Appellant.

Fifth District   No. 75-527

Opinion filed June 22, 1976.

Alan C. Downen, of McLeansboro, for appellant.

Theodore Van Winkle, of McLeansboro, for appellee.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Hamilton County granting plaintiff-appellee a divorce on the ground of extreme and repeated mental cruelty and determining the respective interests of the parties in certain property.

Plaintiff filed a complaint for divorce alleging that defendant, without provocation, accused plaintiff of "associating with adult female persons not his wife; called plaintiff vile and obscene names; [and] has caused the plaintiff to become nervous and upset." Defendant in her answer denied the allegations and filed a counterclaim for divorce alleging acts of mental and physical cruelty. Plaintiff denied these allegations. After a hearing on the complaint and counterclaim the court granted plaintiff's complaint for divorce and denied defendant's counterclaim. The court further determined the respective rights of the parties in certain property.

On appeal defendant contends that the judgment granting plaintiff a

divorce was against the manifest weight of the evidence and that the court erred in granting plaintiff property free and clear of defendant's interest. The judgment denying defendant's counterclaim for divorce is not before us. The controversy surrounds plaintiff's relationship with a young unmarried woman. Plaintiff admitted being at her home two or three times a week during the eight months prior to the hearing on the complaint for divorce but denied any wrongdoing. Plaintiff stated that on some of these occasions he was present to perform general maintenance services on the house which was owned by defendant. Defendant's son testified for plaintiff that he had been with plaintiff at the woman's home on approximately ten occasions and had never witnessed anything that would indicate anything improper about the relationship. Plaintiff testified that defendant questioned him frequently about his relationship with the young woman and harassed him about the amount of time spent with her. This caused plaintiff to become nervous and upset and forced him to leave the home on several occasions to avoid the harassment and ensuing arguments. Plaintiff testified that he received medication for his nervousness but admitted several pre-existing ailments for which medication had been prescribed. No medical evidence was presented to support plaintiff's allegations and plaintiff could point to no specific illness or impairment caused by defendant's actions. Defendant denied harassing plaintiff and testified that since plaintiff's habit of seeing the young woman had begun plaintiff had argued with her, insulted her and struck her on numerous occasions. In addition plaintiff refused to display any affection or conjugal kindness toward defendant.

■■ Mental cruelty is a sufficient ground for divorce in Illinois. (Ill. Rev. Stat. 1975, ch. 40, par. 1.) "Generally, the elements of extreme and repeated mental cruelty have been recognized as a course of abusive and humiliating treatment, calculated or obviously of the nature to torture, discommode, or render miserable the life of the opposite spouse, which conduct actually affects the physical or mental health of the spouse." (*Gregory v. Gregory*, 24 Ill. App. 3d 436, 440-41, 321 N.E.2d 122, 126 (2d Dist. 1974). See also *Stanard v. Stanard*, 108 Ill. App. 2d 240, 247 N.E.2d 438 (3d Dist. 1969); *Marks v. Marks*, 8 Ill. App. 3d 212, 289 N.E.2d 671 (5th Dist. 1972).) Even though the trial court could conclude that the marriage was in fact dead and that no reconciliation was possible, divorce should not be granted unless the statutory grounds therefor are proved by a preponderance of evidence. *Stanard v. Stanard*; *Lowrance v. Lowrance*, 31 Ill. App. 3d 682, 335 N.E.2d 140 (2d Dist. 1975); *Farnbach v. Farnbach*, 1 Ill. App. 3d 74, 273 N.E.2d 12 (4th Dist. 1971).

We have reviewed the entire record in the instant case and find that plaintiff failed to prove such extreme and repeated acts of cruelty to sustain the complaint for divorce. We do not believe that plaintiff's vague

and unspecific testimony established that defendant's actions were "calculated or obviously of the nature to torture, discommode or render miserable" plaintiff's life nor is there sufficient evidence to support plaintiff's claim that defendant's actions were injurious to his physical or mental health. (*Gregory v. Gregory*.) At most defendant's alleged harassment may have tended to aggravate plaintiff's pre-existing conditions but the record demonstrates no serious impairment in plaintiff's ability to work or otherwise pursue his usual activities.

In addition plaintiff failed to prove adequately that plaintiff's actions were not provoked. This is a necessary element of an action for divorce based on mental cruelty. Plaintiff's statement that he had been a good and considerate husband during the marriage is insufficient by itself to prove lack of provocation (*Gregory v. Gregory*; *Stanard v. Stanard*) especially in light of the nature of the testimony of plaintiff and defendant which established at least a basis for inquiry by defendant into plaintiff's habits and some duty on the part of plaintiff to provide a reasonable explanation of his conduct.

While we recognize that the judgment of the trial court should not lightly be disturbed in divorce actions (*Tuyls v. Tuyls*, 21 Ill. 2d 192, 171 N.E.2d 779 (1961); *Curran v. Curran*, 19 Ill. 2d 164, 166 N.E.2d 13 (1960)), the public policy of this State to preserve the estate of marriage requires us to reverse the judgment of the trial court where sufficient proof of statutory grounds for divorce is lacking. *People ex rel. Doty v. Connell*, 9 Ill. 2d 390, 137 N.E.2d 849 (1956); *Stanard v. Stanard*.

■■ In the divorce decree, the trial court made a disposition of property. The court ruled that the proceeds of certain certificates of deposit were the sole property of plaintiff free and clear of any interest of defendant. Plaintiff received money from the estate of a deceased brother who died prior to the marriage. Plaintiff received the money during the marriage, however, and purchased certificates of deposit totaling $18,000. At the time of purchase plaintiff's attorney placed the certificates in both spouses' names, thus creating at least the appearance of a joint tenancy. Interest was used by plaintiff to make payments on a mobile home purchased by plaintiff during the marriage. Prior to the divorce proceedings plaintiff cashed in the certificates and opened a savings account in his name alone. The judgment determined the respective interests of the parties and denied defendant the status of joint tenant.

In the absence of a valid divorce decree, however, the court has no power to determine the interests of the parties in property. (Ill. Rev. Stat. 1975, ch. 40, par. 18; *Lemon v. Lemon*, 14 Ill. 2d 15, 150 N.E.2d 608 (1958); *Ollman v. Ollman*, 396 Ill. 176, 71 N.E.2d 50 (1947).) The judgment, therefore, is void and of no force or effect concerning the

property interest of the parties, and we express no opinion as to the ultimate disposition of this aspect of the case.

For the foregoing reasons, the judgment of the Circuit Court of Hamilton County is reversed.

Reversed.

EBERSPACHER and G. J. MORAN, JJ., concur.