CATHARINE T. HECHT, Plaintiff-Appellee, *v.* JOSEPH S. HECHT, Defendant-Appellant.

First District (4th Division)   No. 76-798

Opinion filed May 19, 1977.

Arthur Rosenblum, of Chicago, for appellant.

Haas & Dienstag, Ltd., of Chicago (Gary E. Dienstag, of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

This is an appeal taken by defendant from a decree of divorce entered by the trial court in favor of plaintiff by consent of the parties after a pretrial settlement conference and "prove-up."

■■■ The only issue in this case may be framed as follows: whether a party seeking a divorce because of mental cruelty must, to sustain his or her burden of proving lack of provocation, negate any possible means in which the conduct might have been provoked although the other party has not raised the issue of provocation in the pleadings or introduced any evidence suggesting that the misconduct was provoked; or even in any way objected at the trial to the sufficiency of the evidence. We conclude that (1) where the defending party has not denied the plaintiff's allegations that the conduct was not provoked, that admission is binding on the defending party. We also conclude that once the complaining party has testified generally that the conduct was not provoked, the defending party has the burden of introducing some evidence that it was. We further conclude that in the case at bar the defending party has waived any right to complain as to the sufficiency of the evidence.

On June 30, 1975, the plaintiff, Catharine Hecht, filed a suit for divorce. In the complaint she alleged that the defendant, Joseph Hecht, had been guilty of extreme and repeated mental cruelty designed to make her life unendurable, that this treatment had affected her physical and mental health, destroyed her peace of mind and forced her to seek medical treatment. She further alleged that all this was without provocation on her part. The defendant filed no answer.

On October 31, 1975 the parties met with Judge Kanter for a pretrial conference. Having reached an agreement, they decided to prove up the case that morning. Both the plaintiff and her attorney were present. The defendant had been present for the pretrial conference but left before the matters were proven up. His attorney remained and at no time has the defendant alleged that his attorney was not authorized to act as he did.

The plaintiff was the only witness. She testified that she had tried hard to be a good wife; that Joseph was not a good husband to her; that he had stayed away for long periods of time, indeed, at present he had been away for nearly a year; that he had not provided more than a token amount of support; that he was a compulsive gambler and at times lost large sums of money; that his losses caused financial havoc on the family and she had been required to borrow large sums of money from her mother and her mother's estate to support the family; and that because of the gambling she was constantly besieged by creditors. She further testified that this conduct caused her mental and physical anguish and suffering and forced her to see a doctor. The rest of her testimony concerned the property settlement. The defendant's attorney did not cross-examine. At the end of the plaintiff's testimony the following colloquy occurred between the trial court and the defendant's attorney:

"THE COURT: Mr. Kelley.

MR. KELLEY: No questions, your Honor.

THE COURT: Mr. Kelley, as you stand here today are you interposing any objection or defense to the allegations made?

MR. KELLEY: No defense or objections, your Honor.

THE COURT: This, of course, is by authority—

MR. KELLEY: Of my client, yes.

THE COURT: Are you satisfied with the terms and conditions?

MR. KELLEY: We are, your Honor. We are satisfied."

The court then told the parties to prepare the judgment for divorce.

On December 23, 1975, nearly two months after the trial, the defendant, who had obtained a new attorney, filed a petition asking that the property settlement agreement be set aside and the case reassigned for trial. He alleged that on October 31, he had been overwrought, emotionally upset and unacquainted with court procedures. His only objection was to the property settlement. He made no suggestion that the plaintiff had failed to prove grounds for divorce. On February 3, 1976, over three months after trial, the defendant for the first time filed a petition suggesting that the plaintiff had failed to prove either mental cruelty or lack of provocation.

On March 2, 1976, the decree for divorce was entered. The court found that the defendant had been guilty of extreme and repeated mental cruelty as alleged; that the plaintiff's life had been made so unendurable

that she had been forced to seek medical care and attention, and that the plaintiff had given the defendant no cause or provocation for his conduct. The oral property settlement was approved.

The defendant appealed on March 29, 1976. On April 21, 1976, the defendant moved to file an answer, alleging that an answer had not been previously filed through inadvertence or mistake. The court, over the plaintiff's objection, granted the motion. The defendant in this answer, filed April 21, 1976, nearly a month after the notice of appeal, denied that the plaintiff had conducted herself as a good wife, denied that he had been guilty of mental cruelty and also alleged that any alleged act on his part had been provoked by the plaintiff. On July 2, 1976, there was a post-decree hearing at which time the judge refused to vacate the divorce.

Despite his contentions below that the plaintiff failed to prove mental cruelty and that the property settlement should be set aside, the defendant on appeal only claims that the plaintiff failed to prove lack of provocation. Accordingly, all other issues have been waived. *Schiff v. Schiff* (1960), 25 Ill. App. 2d 157, 165 N.E.2d 713.

■■ We must view this case as if no answer was ever filed. Rule 301 of the Supreme Court Rules (Ill. Rev. Stat. 1975, ch. 110A, par. 301), provides that "The appeal is initiated by filing a notice of appeal. No other step is jurisdictional." The filing of a notice of appeal, therefore, causes the jurisdiction of the reviewing court to attach instanter and deprives the trial court of jurisdiction. (*Brehm v. Piotrowski* (1951), 409 Ill. 87, 98 N.E.2d 725; *Ragan v. Fourco Glass Co.* (1977), 47 Ill. App. 3d 1, 361 N.E.2d 707; *Loehde v. Loyola University* (1973), 11 Ill. App. 3d 827, 297 N.E.2d 661 (abstract); *First Federal Savings & Loan Association v. American National Bank & Trust Co.* (1968), 100 Ill. App. 2d 460, 241 N.E.2d 615.) Accordingly any pleadings filed after the filing of a notice of appeal are a nullity and cannot be considered on appeal. *First Federal Savings & Loan Assocation v. American National Bank & Trust Co.* (1968), 100 Ill. App. 2d 460, 241 N.E.2d 615; *Loehde v. Loyola University* (1973), 11 Ill. App. 3d 827, 297 N.E.2d 661 (abstract).)

■■ It is well recognized in Illinois that in order to prove mental cruelty the complaining party must not only prove that the defending party was guilty of abusive and humiliating treatment calculated or obviously of a nature to torture, discommode, or render miserable the life of the complaining spouse and which affects the physical or mental health of that spouse (16 Ill. L. & Prac. *Divorce* §13 (1971)), but must also plead and prove that this conduct was not provoked. (*Stanard v. Stanard* (1969), 108 Ill. App. 2d 240, 247 N.E.2d 438; *Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 349 N.E.2d 73.) In other words, provocation is not an affirmative defense. *Stanard; Rosenbaum.*

Nevertheless, it is also the law that where the allegations of the

complaint are not denied, they stand admitted. (Section 40(2) of the Civil Practice Act, Ill. Rev. Stat. 1975, ch. 110, par. 40(2); *Roth v. Roth* (1970), 45 Ill. 2d 19, 256 N.E.2d 838; *Breuer v. Breuer* (1972), 4 Ill. App. 3d 179, 280 N.E.2d 518.) As the court in *Roth* explained at 45 Ill. 2d 19, 23, 256 N.E.2d 838, 840:

> "A purpose of pleading is to develop the issues to be determined. A failure to respond to an adversary pleading may constitute an admission of all the facts well pleaded by the adversary and admissions thus drawn from a failure to plead may be considered as evidence."

■■■ Our conclusion, that the defendant by his failure to deny the allegation that there was no provocation admitted there was none, is reinforced by the fact that section 8a of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 9a), provides that the fault or conduct of the plaintiff is not a bar to the action nor a proper basis for the refusal of a divorce unless raised by the pleadings. We are aware that the courts in *Stanard v. Stanard* (1969), 108 Ill. App. 2d 240, 247 N.E.2d 438; *Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 349 N.E.2d 73; but see *Del Rosario v. Del Rosario* (1970), 133 Ill. App. 2d 8, 270 N.E.2d 160, also a first division case, held that that statute did not alter the requirement that the complaining party must prove that there was no provocation. But in neither *Stanard* and *Rosenbaum* was the court confronted with a situation where the defending party had failed to deny the complaining party's allegations that there was no provocation. We agree with the courts in *Stanard* and *Rosenbaum* that section 8a of the Divorce Act does not make provocation an affirmative defense. Indeed, it does not purport to do so. But we do hold that where the complaining party has alleged that there was no provocation, the defending party must specifically deny the allegations. Otherwise the allegation stands admitted, and since there has been no issue formed as to provocation (*Roth*) and the issue has not been raised by the pleadings as required by the statute, the defending party cannot rely on any failure of the complaining party to produce evidence at the trial proving there was no provocation. Any other result would require the complaining party to waste the court's time answering nonissues, a particularly unprofitable task where it is a negative that must be proved. We do not hold, however, that the defendant must admit the allegation of mental cruelty if he or she wishes to deny that they were provoked.

■■ Nor do we hold that the court must necessarily accept all of the defending party's admissions if it does not choose to do so. Section 8 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 9), provides that if the defendant is defaulted, the court shall not grant a divorce unless it is satisfied that the cause of divorce has been fully proven. The admissions

arising from failure to deny the allegation may, of course, be considered as evidence (*Roth v. Roth* (1970), 45 Ill. 2d 19, 256 N.E.2d 838), but the trial court may, and under certain circumstances should, demand additional evidence to satisfy itself that the allegations are well founded.

■■■ Even if the plaintiff in this case had been required to introduce evidence of lack of provocation, her statement that she had tried hard to be a good wife was sufficient, even without considering the defendant's admission, since the defendant failed to introduce any evidence showing there was provocation. While the burden of proving lack of provocation remains at all times with the complaining party, the burden of going forward shifts to the defending party once there has been a denial, explicit or implicit, as here, that the actions were provoked. This is true even if the defending party has denied in the answer that the actions were not provoked. As stated in *Shumak v. Shumak* (1975), 30 Ill. App. 3d 188, 190-91, 332 N.E.2d 177, 179-80:

> "In some instances it is necessary for a pleader to negative the existence of certain facts in stating his cause of action. The burden of proof of a negative allegation which is essential to the cause of action rests upon the party who pleaded it; the burden is not to be shifted from him because of the difficulty in proving a negative. (*Abhau v. Grassie*, 262 Ill. 636.) However, where a particular fact necessary to be proved rests peculiarly within the knowledge of one of the parties it is his duty to come forward with the proof. If he fails to do so, an inference or presumption is raised that the evidence, if produced, would be unfavorable to his cause. (*Great Western R.R. Co. v. Bacon*, 30 Ill. 347.) Similarly, it is the rule that where a party has the means in his power of rebutting and explaining evidence adduced against him the omission to do so furnishes a strong presumption or inference that he cannot do so. (*Cartier v. Troy Lumber Co.*, 138 Ill. 533.) The natural conclusion is that the truth, if produced, instead of rebutting, would tend to sustain the charge. (*Mammoth Oil Co. v. United States*, 275 U.S. 13, 72 L. Ed. 137, 48 S. Ct. 1.) It is very generally held that, where the party who has not the general burden of proof, possesses positive and complete knowledge concerning the existence of facts which the party having the burden is called on to negative, the burden rests on him to produce the evidence. *Southwest Federal Savings & Loan Association v. Cosmopolitan National Bank*, 23 Ill. App. 2d 174; 31A C.J.S. *Evidence* §113 (1964).

> Further there is authority in Illinois that a party is not required to make plenary proof of a negative averment. It is enough that he introduces such evidence as, in the absence of counter testimony,

will afford reasonable ground for presuming the allegation is true; and when this is done the *onus probandi* will be thrown on his adversary. *In re Estate of Sandusky*, 321 Ill. App. 1, 13; *Levine v. Pascal*, 94 Ill. App. 2d 43, 55."

Accordingly, a complaining party is not required to speculate as to what might be provocation and then waste the court's time denying that any such actions were committed. Thus the plaintiff here was not required to deny, as the defendant has argued, that she had not caused, encouraged or forced him to gamble, that she had not been extravagant, that she has not gambled with him or that she had not approved of it at the time. These matters might be material but they would be for the defendant to raise either by evidence or in cross-examination. This the defendant did not do.

We are aware that similar evidence was held insufficient in *Gregory v. Gregory* (1974), 24 Ill. App. 3d 436, 321 N.E.2d 122, *appeal denied*, 58 Ill. 2d 593; *Sharer v. Sharer* (1976), 39 Ill. App. 3d 818, 350 N.E.2d 779. But in both of those cases there was evidence tending to show there was provocation.

In any event, since the defendant through his counsel stated at the initial hearing that he had no objection to the evidence, he waived any objection, including that it was insufficient. The time to raise the issue was at trial, not three months later on appeal. The defendant was entitled to a day in court. But having had his day in court, he is not entitled to change his mind and ask that the game be replayed under a different set of rules.

For all of the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.