*In re* MARRIAGE OF SALLY A. DUCEY, Petitioner-Appellee, and C. PATOUT DUCEY, Respondent-Appellant.

Fifth District    No. 80-581

Opinion filed November 20, 1981.—Rehearing denied December 17, 1981.

KASSERMAN, P. J., dissenting.

Ducey, Feder & Ducey, Ltd., of Belleville (Cornelius Thomas Ducey, Jr., of counsel), for appellant.

Jeanne Sathre and Jack Carey, both of Cohn, Carr, Korein, Kunin, Schlichter and Brennan, of East St. Louis, for appellee.

Mr. JUSTICE WHITE delivered the opinion of the court:

This is an appeal by the husband from a judgment awarding dissolution to both parties and providing for a division of the marital property, custody of the children of the parties, child support and other relief. The appellant raises the following issues on appeal:

1. The court erred in conducting a hearing on temporary support.

2. Petitioner failed to prove grounds.

3. The trial court erred in entering judgment for dissolution while reserving other issues for subsequent hearing.

4. The trial court erred in awarding child custody, child support, maintenance and marital property to the petitioner.

The evidence shows that the parties were married on June 27, 1969, in Randolph County, Illinois. They were separated in January 1979. Two children were born to the marriage, both of whom were residing with the petitioner at the time of the hearing on the grounds held on December 13, 1979. The testimony regarding the grounds is as follows:

"MR. CAREY: All right. You've alleged in your petition, Mrs. Ducey, that the Respondent has been guilty of acts of extreme and repeated cruelty. Would you please specify these grounds to the Court at this time? Can you give us some specific details?

A Well, just continual arguing, and just unable to get along with him.

Q Has he caused you any emotional upset?

A Yes.

Q I believe that you have acquired both real and personal property as a result of this marriage, is that correct?

MR. DUCEY: Wait. If that's the grounds, then I think you better ask her about the physical effects of the acts if you're going to set the grounds out.

MR. CAREY: I'm sorry?

MR. DUCEY: I would suggest that you ask her whether it had any physical effects upon her if you're going to establish mental cruelty.

THE COURT: Proceed.

MR. CAREY: Mrs. Ducey, would you please tell the Court what the physical manifestations of this extreme mental cruelty were?

A He—Throughout our marriage he continually embarrassed me by calling me names using obscene language toward me in front of his family and in front of my family and in front of our children and friends. He always insisted that he was right about anything we discussed.

Q What kind of physical problems did that cause you, Mrs. Ducey? Did you lose sleep over it? Were you upset? Did you not eat? Were you unable to maintain employment? Please tell us physically what these problems caused.

A It caused me to be upset whenever it happened. It caused me great emotional stress. I often broke down and cried in front of his family. And I had asked him repeatedly not to embarrass me and call me names in front of anyone, but he did it anyway.

THE COURT: How did it affect your health, ma'am? Did you lose any weight or sleep or whatever?

THE WITNESS: No, I didn't.

THE COURT: Mr. Carey.

MR. CAREY: I have nothing further, your Honor.

THE COURT: Mr. Ducey, proceed.

MR. DUCEY: No questions, your Honor."

On December 13, 1979, an order pursuant to the testimony taken on that date was entered by the trial judge. The order stated, "The marriage between the parties hereto is hereby dissolved on the grounds of extreme

and repeated mental cruelty and judgment of dissolution of marriage is granted to both parties."

Subsequently a hearing was held by the court on the matters reserved. On November 13, 1980, a judgment of dissolution of marriage was entered by the trial court wherein the prior order was incorporated in the judgment order. The order made findings concerning custody, support, visitation and property rights.

Although the respondent has raised several issues in this appeal, we focus our attention on the grounds issue, particularly, the question of lack of proof on cause or provocation by the petitioner. Prior to 1967, the Divorce Act (Ill. Rev. Stat., ch. 40, par. 1 *et seq.*) permitted a divorce on the grounds of cruelty only in the event of physical cruelty. Although the word "provocation" was not used in the Divorce Act, as early as 1859 the supreme court in *De La Hay v. De La Hay* (1859), 21 Ill. 252, inferred that provocation was a necessary element of proof in cases alleging cruelty. In the case of *Von Glahn v. Von Glahn* (1867), 46 Ill. 134, 139, the court, in discussing instructions to the jury, held that it was error not to instruct the jury "whether the complainant had been guilty of like cruelty towards the defendant, or had given provocation to him by her own misconduct."

In 1967, the Divorce Act was amended to read "has been guilty of extreme and repeated physical or mental cruelty". In the case of *Stanard v. Stanard* (3d Dist. 1969), 108 Ill. App. 2d. 240, 246, 247 N.E.2d 438, the court made the following statement adopting provocation as a necessary element in mental cruelty: "This manner in which the statute was amended, as well as legal precedent and common sense, dictates that a party must show lack of provocation when a right to a divorce is based upon mental cruelty as well as when based upon physical cruelty: this is an essential element of the complaining party's case." The rule as enunciated in *Stanard* has been followed in *Rosenbaum v. Rosenbaum* (1st Dist. 1976), 38 Ill. App. 3d 1, 349 N.E.2d 73; *Gregory v. Gregory* (2d Dist. 1974), 24 Ill. App. 3d 436, 321 N.E.2d 122; *Sharer v. Sharer* (5th Dist. 1976), 39 Ill. App. 3d 818, 350 N.E.2d 779; *McCarrel v. McCarrel*, (4th Dist. 1974), 17 Ill. App. 3d 1034, 309 N.E.2d 252.

In *Sharer*, Justice Karns, speaking for this court, stated, "In addition plaintiff failed to prove adequately that plaintiff's actions were not provoked. This is a necessary element of an action for divorce based on mental cruelty." 39 Ill. App. 3d 818, 820.

On October 1, 1977, the Illinois Marriage and Dissolution of Marriage Act became effective. (Ill. Rev. Stat. 1979, ch. 40, par. 101 *et seq.*) Section 401 of said act states: "Dissolution of Marriage. The Court shall enter a judgment of dissolution of marriage (formerly known as divorce) if:

(2) the court finds that, without cause or provocation by the

petitioner: either party has been guilty of extreme and repeated physical or mental cruelty * * * ."

Although provocation was not used in the prior act, the legislature made "without cause or provocation by the petitioner," a necessary element of proof in the Marriage and Dissolution of Marriage Act. As stated in the early case of *Birkby v. Solomon* (1853), 15 Ill. 120, 122, "Where the offense charged is of a character which is provided for in the statute as a specific cause for a divorce, the degree of the offense must be measured by the statute, and where it does not come up to that standard, the courts have no right to say that an offense of the same character, but less in degree, shall be sufficient to dissolve the marriage contract."

In *In re Marriage of Visione* (1981), 93 Ill. App. 3d 920, 921, 418 N.E.2d 191, the court, in discussing section 401(2) of the Marriage and Dissolution of Marriage Act, stated:

> "Section 401(2) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 401(2)) provides that the court shall enter a judgment of dissolution of marriage if the court finds that, without cause or provocation by the petitioner, the respondent has been guilty of extreme and repeated mental cruelty. Mental cruelty is a course of unprovoked, offensive conduct toward one's spouse which causes embarrassment, humiliation and anguish so as to render the spouse's life miserable and unendurable, and which actually affects the spouse's physical or mental health. *Christian v. Christian* (1979), 69 Ill. App. 3d 450, 387 N.E.2d 1254."

■■■ We hold that the trial court erred in granting a dissolution to the petitioner in this case where the record is absolutely void as to "cause or provocation." As stated in *Sharer*, "While we recognize that the judgment of the trial court should not lightly be disturbed in divorce actions [citations], the public policy of this State to preserve the estate of marriage requires us to reverse the judgment of the trial court where sufficient proof of statutory grounds for divorce is lacking." 39 Ill. App. 3d 818, 820.

Since petitioner failed to prove lack of provocation, the marriage should not have been dissolved; therefore, all other findings by the trial court are for naught.

We reverse.

JONES, J., concurs.

Mr. PRESIDING JUSTICE KASSERMAN, dissenting:

I am unable to conclude that the judgment of the trial court should be reversed because petitioner has failed to establish lack of provocation for

respondent's alleged acts of mental cruelty; therefore, I respectfully dissent.

The record establishes that after a hearing concerning temporary custody and maintenance on September 5, 1979, on December 13, 1979, a hearing was held regarding petitioner's grounds for dissolution of the marriage and an order was entered that date stating that the marriage between the parties was dissolved on the grounds of extreme and repeated mental cruelty and that judgment of dissolution of marriage was granted to both parties. Thereafter, in September 1980, a hearing was held regarding property disposition, custody, child support and maintenance; and on November 3, 1980, a judgment regarding dissolution of marriage, property division, custody, child support and maintenance was entered. Respondent's brief on appeal was filed on April 20, 1981, in which, for the first time, respondent contends that petitioner has failed to prove lack of provocation for respondent's alleged acts of mental cruelty. It is upon this ground that the majority now reverses the order of the trial court.

The record indicates that respondent did not testify at the hearing regarding the grounds for dissolution of marriage and that thereafter respondent's efforts were confined to questions of property distribution, child custody, support and maintenance. No motion, oral or written, for reconsideration of the finding of sufficiency of the grounds for dissolution appears of record. Further, at the close of the final hearing in this matter on September 22, 1980, the trial court inquired whether anyone had anything further to bring to the attention of the court. By way of answer, respondent's counsel waived argument.

Based on the foregoing, it is my conclusion that respondent has waived the issue of sufficiency of proof of lack of provocation, an issue he raised for the first time on appeal when he filed his brief 16 months after the hearing on the grounds for dissolution of marriage. Moreover, after the finding of sufficiency of the grounds for dissolution, respondent concerned himself with only questions of property division, custody, support and maintenance. In that regard, this court has held in *Sharer v. Sharer* (1976), 39 Ill. App. 3d 818, 350 N.E.2d 779, that in the absence of a valid decree of dissolution, the trial court is without power to determine property interest of the parties.

The action of respondent and his counsel in the case at bar is comparable to those of defendant's counsel in *Hecht v. Hecht* (1977), 49 Ill. App. 3d 334, 364 N.E.2d 330. In *Hecht*, the attorney for defendant was asked by the court whether he was interposing any objection or defense to the allegations made and in reply stated that he had no defense or objections. The instant case differs in that counsel for respondent made no such oral statement; however, the conduct of respondent and his

counsel is comparable to the conduct of counsel in *Hecht*. In fact, respondent took no action indicative of his displeasure with the court's ruling regarding the dissolution of marriage for a period of 16 months during which he litigated questions of property disposition, custody, support and maintenance which, according to *Sharer*, the court was without power to consider in the absence of a valid decree of dissolution.

I am of the opinion that the rationale of *Hecht* is dispositive of the instant appeal. After observing that at the hearing counsel for defendant stated that he had no objection to the evidence, the *Hecht* court concluded that the defendant had waived any objection, including that the evidence was insufficient. The court in *Hecht* then stated: "The time to raise the issue was at trial, not three months later on appeal. The defendant was entitled to a day in court. But having had his day in court, he is not entitled to change his mind and ask that the game be replayed under a different set of rules." 49 Ill. App. 3d 334, 341, 364 N.E.2d 330, 334.

For the foregoing reasons, I would affirm the judgment of dissolution entered by the trial court.